[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These are consolidated cases of actions by and against a general contractor and subcontractor. The general contractor is Supreme Forest Products, Inc. ("Supreme") and the subcontractor is Cotton Hill Farm, Inc. ("Cotton"). CT Page 10468
The issue for the court is whether Cotton fully performed its obligations as a subcontractor.
This matter was tried to the court over two days. The court reviewed the exhibits and has listened carefully to all of the witnesses. The court has had the opportunity to not only hear the witnesses but to observe their demeanor, manner of presentation, and to determine their credibility.
Based upon the foregoing the court makes the following findings of fact.
On or about June 29, 1998, Supreme entered into a written subcontract with Cotton to perform services and furnish materials, which included furnishing and installing an irrigation system and providing labor, equipment and materials to remove stones, fine grade, prepare seedbed and seed, and to furnish and install base bid plants. The initial contract price was $91,514.52. The site was the athletic fields at Torrington High School.
Prior to the appearance of Cotton on the subject site, Supreme rough graded the site. (Rough grading means bringing the level of the site to within three to four inches of the proposed finish grade.) Supreme caused stakes to be placed on the site with ribbons indicating what the final finish grade should be. After Supreme completed the subgrade, Cotton came on the site.
It is from this point on that the parties vary on the issue as to who was to blame for the subsequent grading problems. After a careful consideration of all of the evidence the court finds that Cotton fully and professionally performed all of its obligations under this contract. The court also finds that all of the subsequent problems with regard to grading are a direct result of miscalculations by Supreme.
The following facts support these conclusions.
Supreme's foreman indicated to Cotton's foreman that he subgrade was to the proper elevation. That being done Cotton properly trenched the site in accordance with the plans. Mr. John Bertoli was the clerk of the work on the job. He accepted the irrigation system installed by Cotton and in fact the system was operational in mid-summer 1998. In Bertoli's words "It was done according to contract." Two subsequent surveys determined that the original grading by Supreme was incorrect.
The variations were from three to eighteen inches. As a result, Supreme was required to regrade the baseball field. This meant that the topsoil CT Page 10469 installed by Cotton was stripped off. Further, in those areas where the grades established by Supreme were sixteen to eighteen inches too high the removal of the extra soil necessarily involved taking out the irrigation system installed by Cotton. Mr. Bertoli, an experienced person, who was on this job site for about six hours a day when Cotton was performing concluded that Cotton's ". . . work was excellent . . ."
Mr. Bertoli's testimony was supported by Mr. John Stewart who was the licensed landscape architect on the job. Mr. Stewart agreed that none of the problems encountered on this job were caused by Cotton. (The only topsoil problems he saw were with the topsoil brought onto the site by Supreme.)
Mr. Curtiss Burr, a licensed architect on the job concurred with Mr. Bertoli's testimony.
It is apparent to the court, based upon the evidence and testimony presented to it, that Supreme's incorrect grading is the cause of all of its difficulties. Accountability could not be shifted to Cotton to cause it to redo the excellent work it already did once before without further remuneration.
Accordingly, the court finds that Supreme breached its contract with Cotton by failing to pay Cotton upon the successful completion of its work. The court does not need to reach Cotton's other theories of liability. The court does not find a valid CUPTA claim.
Damages are awarded to Cotton in the amount of $14,171.86 plus statutory interest.
By the Court,
Gill, J.